IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

      Plaintiff,                              06cv0808

v.                                   **ELECTRONICALLY FILED**

THOMAS CROWLEY,

      Defendant.

<u>Memorandum Order</u>

This is a declaratory judgment action. Plaintiff, Travelers Property Casualty Company of America (Travelers), seeks a declaration that defendant, Thomas Crowley (Crowley), is not entitled to underinsured motorist benefits (UIM) on an insurance policy issued to defendant's employer, non-party, Vector Security Company (Vector). Upon initial review of the complaint, this Court issued an order to show cause why this case should not be dismissed for lack of jurisdiction and/or improper venue. After careful consideration of the parties responses to the rule to show cause, as well as defendant's motion to transfer venue, this Court finds that venue in this district is not proper and will transfer this case to the Middle District of Pennsylvania, pursuant to Section 1406 of Title 28 of the United States Code.

Defendant was involved in a motor vehicle accident on March 13, 2003, and although the complaint and the subsequent filings by plaintiff are silent on this point, it appears that the accident occurred in Lehman Township, Pike County, Pennsylvania, which is in the Middle District of Pennsylvania. Defendant brought a third party action and that case settled. Defendant then made a claim for UIM benefits under a policy of insurance issued by plaintiff to his employer, Vector, who, interestingly, is not a party to the suit. Plaintiff then brought the instant

suit.

Because the parties do not dispute that this Court has subject matter jurisdiction due to the diversity of citizenship of the current parties, nor do they dispute that personal jurisdiction exists in the Commonwealth of Pennsylvania, this Court will confine its analysis to the issue of venue.

Under 28 U.S.C. § 1391, an action where jurisdiction is based on diversity of citizenship may be brought in only (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  Under 28 U.S.C. § 1406, a case may be transferred to any district in which it could have been brought, when the case is found to have been filed in the wrong district.

The following facts warrant a transfer of venue to the Middle District of Pennsylvania. Although there appears to be some dispute regarding whether the defendant resides in Missipequa Park, New York, or Henderson, Nevada, there is no dispute that defendant has never resided in the Western District of Pennsylvania, nor does he have any contacts with the Western District of Pennsylvania.  Most critically, the events and omissions giving rise to the claim - the accident - occurred in Lehman Township, Pike County, Pennsylvania, which is in the Middle District of Pennsylvania.

The sole factors upon which plaintiff relies in support of its position that venue in this district is proper is the fact that non-party Vector has an office in Pittsburgh, the policy of insurance was "delivered in Pittsburgh," and the underwriting occurred in Pittsburgh.

The test for determining venue is not the defendant's contacts but rather the location of those events giving rise to the claim. *Cottman Transmission Sys. Inc. v. Martino*, 36 F.2d 291, 294 (3d Cir. 1994). "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.*

To hale defendant in this case into Court in the Western District of Pennsylvania based upon the fact that his employer, a non-party to this action, had an office in Pittsburgh and the insurance policy secured by his employer was either written or delivered here, would not be fair to defendant because any connection to the Western District of Pennsylvania is a tangential one. Further, plaintiff has not convinced this Court that a "substantial part of the events or omissions giving rise to this claim," occurred in Pittsburgh. Rather, the event giving rise to this claim - the motor vehicle action upon which defendant based his claim for UIM coverage - occurred in the Middle District of Pennsylvania.

Accordingly, for these reasons, venue in this district is not proper and therefore, this action is hereby transferred to the Middle District of Pennsylvania. Defendant's motion to change venue (doc. no. 11) is GRANTED.[1]

SO ORDERED this 10th day of July, 2005.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

---

[1] The Court does not deem it necessary for plaintiff to file a formal response to defendant's motion to change venue because that issue was fully addressed by plaintiff in its response to the show cause order.

cc:     All counsel of record as listed below

Peter J. Speaker, Esquire
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108

Marion K. Munley, Esquire
Munley, Munley & Cartwright
The Forum Plaza
227 Penn Avenue
Scranton, PA 18503